IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

ERIC M. HOLBROOK, JR.,
    Defendant.

Criminal No.: ELH-10-355

**MEMORANDUM**

Defendant Eric Holbrook has submitted a letter to the Court, dated May 17, 2021. ECF 267. The government has responded. ECF 268. And, defendant has replied. ECF 272. No hearing is necessary. *See* Local Rule 105.6.

The government interprets the letter as a motion for compassionate release. ECF 268 at 1. However, I approach the letter as a request for home confinement. *See* ECF 267 at 1 ("I respectfully ask if you would consider allowing me to serve the remainder of my 5 months on home detention?"); ECF 272 at 1 ("I was asking for consideration of home detention").

A request, such as this one, for the conversion of a sentence of imprisonment to a sentence of home confinement, must be submitted to the Bureau of Prisons ("BOP"), and not to this Court.

Section 3624(c) of Title 18 of the United States Code is the only statute that authorizes the transfer of an inmate from prison to home confinement. That section specifically provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months." 18 U.S.C. § 3624(c)(2). However, this authority resides with the BOP, and not with the courts.

Although § 12003(b)(2) of the CARES Act states that, during the COVID-19 emergency, "the director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement," this provision does not alter the

exclusive authority of the BOP to make this determination. *See United States v. Baker*, No. l:10-cr-69-MR-1, 2020 WL 2430945, at *1 (W.D.N.C. May 12, 2020) (stating that authority to grant such relief rests solely with the Director of the Bureau of Prisons); *United States v. Gray*, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (finding "defendant must seek home confinement through the BOP's administrative system"); *United States v. Johnson*, Crim. No. JKB-14-0356, 2020 WL 1929459, at *2 (Apr. 21, 2020) ("It is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c).").

Therefore, this Court does not have the authority to place the defendant in home confinement. This request must be made through the BOP's administrative system. Accordingly, I will deny the request.

It is so ORDERED.


Date: September 23, 2021

                                              /s/
                                              Ellen L. Hollander
                                              United States District Judge